1
2
3
4
5
6
7
8         **UNITED STATES DISTRICT COURT**
9         **SOUTHERN DISTRICT OF CALIFORNIA**

10   RACHEE A. WILLIS,                              Civil No.      11-1683 LAB (RBB)
     CDCR #F-91221,
11
                                  Plaintiff,        **ORDER:**
12
                                                    **(1)  GRANTING MOTION TO PROCEED**
13                                                  ***IN FORMA PAUPERIS*, IMPOSING NO**
                                                    **INITIAL PARTIAL FILING FEE,**
14                     vs.                          **GARNISHING $350 FROM PRISONER'S**
                                                    **TRUST ACCOUNT [ECF No. 3];**
15
16   MS. McEWEN; G.J. JANDA;                        **(2)  SUA SPONTE DISMISSING**
     N.E. LANDERROS; CERROS,                        **COMPLAINT FOR FAILING TO STATE**
17                                                  **A CLAIM PURSUANT TO**
                                                    **28 U.S.C. §§ 1915(e)(2) and 1915A(b)**
18                                Defendant.
19

20

21        Plaintiff, Rachee A. Willis, a state prisoner currently incarcerated at Calipatria State

22   Prison located in Calipatria, California and proceeding pro se, has filed a civil rights action filed

23   pursuant to 42 U.S.C. § 1983.  Plaintiff has not prepaid the $350 filing fee mandated by 28

24   U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant

25   to 28 U.S.C. § 1915(a) [ECF No. 2].

26   ///

27   ///

28   ///

**I.     Motion to Proceed IFP [ECF No. 2]**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915, as amended by the Prison Litigation Reform Act ("PLRA"), further requires that each prisoner seeking leave to proceed IFP submit a "certified copy of [his] trust fund account statement (or institutional equivalent) ... for the six-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2).  Using these certified trust account statements, the Court must assess an initial payment of 20% of (a) the average monthly deposit, or (b) the average monthly balance in the account for the past six months, whichever is greater, and collect that amount as the prisoner's initial partial filing fee, unless he has no current assets with which to pay.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4); *Taylor*, 281 F.3d at 850.  Thereafter, the institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forward those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2); *Taylor*, 281 F.3d at 847.

The Court finds that Plaintiff has submitted an affidavit that complies with 28 U.S.C. § 1915(a)(1) [ECF No. 2] as well as a certified copy of his prison trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and Civil Local Rule 3.2.   Plaintiff's trust account currently indicates that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court hereby **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 2], and assesses no initial partial filing fee at this time.  *See* 28 U.S.C. § 1915(b)(1) (court shall assess initial partial filing fee only "when funds exist"); 28 U.S.C. § 1915(b)(4) ("In no event

1  shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has

2  no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850

3  (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's

4  IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when

5  payment is ordered.").  However, Plaintiff is required to pay the full $350 filing fee mandated

6  by 28 U.S.C. §§ 1914(a) and 1915(b)(1), by subjecting any future funds credited to his prison

7  trust account to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(2).

8  **II.    Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

9        The PLRA also obligates the Court to review complaints filed by all persons proceeding

10  IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused

11  of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or

12  conditions of parole, probation, pretrial release, or diversionary program," "as soon as

13  practicable after docketing."   *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).   Under these

14  provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion

15  thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from

16  defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203

17  F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443,

18  446 (9th Cir. 2000) (§ 1915A).

19        Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte

20  dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  An action is

21  frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319,

22  324 (1989).  However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing

23  an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of

24  the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2).  *Id.* at 1127 ("[S]ection

25  1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint

26  that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)

27  (discussing 28 U.S.C. § 1915A).

28

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

In his Complaint, Plaintiff alleges that he suffered from serious injuries when he was involved in a riot between the Black and Hispanic inmates at Calipatria State Prison.  (*See* Compl. at 10-13.)  Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).  To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. *See Farmer*, 511 U.S. at 834.  To demonstrate a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed]] an excessive risk to inmate. . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.*, at 837.  To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. *See Farmer*, 511 at 842.

While Plaintiff has alleged some serious allegations, he simply has not provided enough facts from which the Court can determine whether he has stated an Eighth Amendment claim. Specifically, it is not clear to the Court that Plaintiff has alleged sufficient facts to demonstrate

1  that any of the named Defendants knew of a serious threat to Plaintiff's safety.  In order for the

2  Court to find "deliberate indifference," Plaintiff has to show that the named Defendants "[knew]

3  of and disregard[ed]] an excessive risk to inmate. . . safety." *See Farmer*, 511 U.S. at 837.

4  Plaintiff does not allege any facts to demonstrate that the Defendants knew that a riot would

5  occur or that Plaintiff would be injured as a result.  Plaintiff's allegations reference negligent

6  behavior on the part of Defendants which does not rise to the level of deliberate indifference.

7        Accordingly, Plaintiff's Eighth Amendment Failure to Protect claims are dismissed for

8  failing to state a claim upon which § 1983 relief can be granted.

9        Finally, to the extent Plaintiff seek to sue Defendants based merely on their supervisory

10  positions, such allegations are insufficient to state a claim against these Defendants because

11  there is no respondeat superior liability under 42 U.S.C. § 1983.  *Palmer v. Sanderson*, 9 F.3d

12  1433, 1437-38 (9th Cir. 1993).  Instead, "[t]he inquiry into causation must be individualized and

13  focus on the duties and responsibilities of each individual defendant whose acts or omissions are

14  alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th

15  Cir. 1988) (citing *Rizzo v. Goode*,  423 U.S. 362, 370-71 (1976)).  In order to avoid the

16  respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which

17  have a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*,

18  794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

19        Supervisory prison officials may only be held liable for the allegedly unconstitutional

20  violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what

21  extent they personally participated in or directed a subordinate's actions, and (2) in either acting

22  or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's

23  constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As currently pleaded,

24  however, Plaintiff's Complaint fails to set forth facts which might be liberally construed to

25  support an individualized constitutional claim against Defendants McEwen or Janda.

26  / / /

27  / / /

28  / / /

1    For these reasons, the Court finds that Complaint fails to state a section 1983 claim upon

2   which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C.

3   §§ 1915(e)(2)(b) & 1915A(b).  The Court will provide Plaintiff with an opportunity to amend

4   his pleading to cure the defects set forth above.

5   **III.    Conclusion and Order**

6    Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

7    1.    Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is

8   **GRANTED**.

9    2.    The Secretary of California Department of Corrections and Rehabilitation, or his

10   designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee

11   owed in this case by collecting monthly payments from the account in an amount equal to twenty

12   percent (20%) of the preceding month's income and forward payments to the Clerk of the Court

13   each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

14   ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER

15   ASSIGNED TO THIS ACTION.

16    3.    The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate,

17   Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502,

18   Sacramento, California 95814.

19    **IT IS FURTHER ORDERED** that:

20    4.    Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C.

21   §§ 1915(e)(2)(b) and 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave

22   from the date this Order is stamped "Filed" in which to file a First Amended Complaint which

23   cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be

24   complete in itself without reference to the superseded pleading.  *See* S.D. Cal. Civ. L. R. 15.1.

25   Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed

26   to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, if

27   Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may

28

1  be dismissed without further leave to amend and may hereafter be counted as a "strike" under

2  28 U.S.C. § 1915(g).  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

3       5.    The Clerk of the Court is directed to mail a form § 1983 complaint to Plaintiff.

4  **IT IS SO ORDERED.**

5

6  DATED:  October 3, 2011

7

8  **HONORABLE LARRY ALAN BURNS**
United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28