# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEE A. WILLIS,<br>CDCR # F-91221<br><br>Plaintiff,<br><br>vs.<br><br>N.E. LANDERROS; CERROS;<br>L.M. NEVARRO,<br><br>Defendants. | Civil No. 11-1683 LAB (RBB)<br><br>**ORDER:**<br><br>**(1) DISMISSING DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(e)(2) & 1915A; AND**<br><br>**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3) & 28 U.S.C. § 1915(d)** |

## I.

### PROCEDURAL HISTORY

On July 25, 2011, Plaintiff, a state prisoner currently incarcerated at Calipatria State Prison located in Calipatria, California and proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). The Court granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed his Complaint for failing to state a claim. *See* October 5, 2011 Order at 6-7.

/ / /

/ / /

Plaintiff was specifically cautioned that any Defendant not re-named and any claim not re-alleged in his Amended Complaint would be considered waived. *Id.* (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). On November 29, 2011, Plaintiff filed his First Amended Complaint ("FAC") which omits any reference to and fails to re-allege any claim against previously named Defendants McEwen or Janda. Accordingly, Defendants McEwen and Janda are **DISMISSED** from this action. *King,* 814 F.2d at 567.

## II.

### SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2) AND § 1915A

As discussed in the Court's October 5, 2011 Order, because Plaintiff is proceeding IFP and is a "prisoner" as defined by 28 U.S.C. § 1915(h), the Court must now review his Amended Complaint sua sponte before service, and dismiss the entire action, or any part of his Amended Complaint, if it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the Prison Litigation Reform Act ("PLRA"), the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, 28 U.S.C. § 1915(e)(2) and § 1915A mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(3). *See Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties"); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the

1  plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)
2  "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews v. King*, 398 F.3d
3  1113, 1121 (9th Cir. 2005). In addition, the Court has a duty to liberally construe a pro se's
4  pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988),
5  which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261
6  (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the
7  court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board*
8  *of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

9        The Court finds that Plaintiff's Amended Complaint is now sufficiently pleaded to
10 survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Therefore,
11 the Court will direct U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27; 28
12 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all
13 duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by
14 a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed *in forma*
15 *pauperis* under 28 U.S.C. § 1915."). Plaintiff is cautioned, however, that "the sua sponte
16 screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule
17 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d
18 1115, 1119 (S.D. Cal. 2007).

19 ### III.
20 #### CONCLUSION AND ORDER

21     Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

22     1.    Defendants McEwen and Janda are **DISMISSED** without prejudice as Defendants
23 in this matter.

24     2.    The Clerk shall issue a summons as to Plaintiff's First Amended Complaint [ECF
25 No. 5] upon the remaining Defendants, and shall forward it to Plaintiff along with a blank U.S.
26 Marshal Form 285 for each of these Defendants. In addition, the Clerk shall provide Plaintiff
27 with a copy of this Order, the Court's October 5, 2011 Order granting Plaintiff leave to proceed
28 IFP [ECF No. 3], and copies of his First Amended Complaint and the summons for purposes of

serving each Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the U.S. Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Thereafter, the U.S. Marshal shall serve a copy of the First Amended Complaint and summons upon each Defendant as directed by Plaintiff on each Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

3. Defendants are thereafter **ORDERED** to reply to Plaintiff's First Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

4. Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

DATED: January 23, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge