# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| RACHEE A. WILLIS, | CASE NO. 11cv1683-LAB (RBB) |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |
| vs. | |
| MS. MCEWEN, et al., | |
| Defendant. | |

Plaintiff Rachee Willis has moved for appointment of counsel to represent him at trial. Because this is a civil case, he does not have a constitutional right to appointed counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only in exceptional circumstances. *Id.* at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and Willis' to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970; *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. *Palmer* at 970; *Wilborn* 789 F.2d at 1331. The fact that Willis would benefit from the appointment of counsel does not amount to extraordinary circumstances; this is true of most *pro se* litigants, and particularly those such as Willis who are incarcerated.

/ / /

At the pretrial conference, Willis appeared telephonically and said he would attempt to find counsel willing to represent him on a contingency basis. The fact that one of his claims had survived summary judgment and was going to be tried could have been an advantage in this regard. Willis' motion, however, says he isn't able to seek out counsel because the facility does not have an attorney directory. While there are several other ways he might have tried to locate counsel, the fact that he didn't purse them means he won't be able to retain counsel by the June 13 deadline the Court set for him.

Willis argues that requiring him to travel to San Diego for trial would impose a heavy burden on him, because he is currently incarcerated in Mississippi and the journey is long and physically difficult. During the pretrial conference, the Court discussed this problem, and offered to address it by ordering Willis transported several days before trial, to allow him time to rest before trial. Another possibility would be to allow Willis to appear telephonically. While this is not ideal, the Court were to grant Willis' request, he would be required to testify telephonically anyway. While the inconvenience of travel represents an additional difficulty, the inconveniences Willis describes (*e.g.*, being required to wear restraints, eat fast food meals, sit on hard seats, and limited restroom breaks during a long bus ride) are not extraordinary or unusual.

Willis also argues that he is bad at speaking in front of groups and becomes very nervous when he has to do so. This represents a difficulty, but is common among *pro se* litigants and does not make it impossible for Willis to present his case. Willis was able to make himself understood during the pretrial conference, and the Court does not anticipate any great difficulty at trial. Furthermore, Willis can explain his situation to jurors during his opening statement.

The issues for trial is not particularly complex, and the Court is confident Willis can adequately present his case without the assistance of counsel. That being said, the Court finds the likelihood of success on the merits does not weigh in Willis' favor. While it is possible he may prevail at trial, the evidence is not so compelling that success is likely.

/ / /

      Weighing the relevant factors, the Court finds no exceptional circumstances that would warrant the Court's requesting an attorney to represent Willis. The motion is therefore **DENIED**.

      **IT IS SO ORDERED**.

DATED: May 30, 2014

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge